IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-00608-TPO

EDWIN HERNANDEZ-MUNOZ,

    Petitioner,

v.

ROBERT HAGAN, Field Office Director of
Enforcement and Removal Operations,
Denver Field Office, Immigration and Customs Enforcement,

KRISTI NOEM, Secretary,
U.S. Department of Homeland Security,

PAMELA BONDI, U.S. Attorney General, and

JUAN BALTASAR, Warden of
Denver Contract Facility;

in their official capacities,

    Respondents.

## ORDER TO SHOW CAUSE

**Timothy P. O'Hara, United States Magistrate Judge.**

    This matter comes before this Court upon the Petition for Writ of Habeas Corpus in which Petitioner seeks habeas corpus relief under 28 U.S.C. § 2241. ECF 1 ¶ 21. Petitioner invokes this Court's subject matter jurisdiction on the basis of 28 U.S.C. § 2241; 28 U.S.C. § 1331 (federal question subject matter jurisdiction); 28 U.S.C. § 1651 (the All Writs Act); and 28 U.S.C. § 2201 (the Declaratory Judgment Act). *Id.* ¶¶ 21-22. Petitioner is "in custody" for § 2241 purposes because he is detained at the Denver Contract Detention Facility. *Id.* ¶¶ 1, 20, 33. The Clerk of Court directly assigned this case to this Court pursuant to D.C.COLO.LCivR 40.1. ECF 3.

Petitioner is a citizen of Mexico. *Id.* ¶ 27. He entered the United States 22 years ago without inspection or being apprehended. *Id.* ¶ 5. He is married to a U.S. citizen and has children born in the United States. *Id.* ¶ 8. He is the sole financial provider for his family. *Id.* ¶ 10. He was taken into custody by immigration authorities on January 13, 2026. *Id.* ¶ 6. After his apprehension, Department of Homeland Security (DHS) officials charged him as being inadmissible in the United States under 8 U.S.C. § 1182(a)(6)(A)(i) because they allege that he entered the United States without inspection. *Id.* ¶ 6. On February 10, 2026, an Immigration Judge denied his request for bond as an "applicant for admission" and citing the lack of authority to consider his bond request under *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). *Id.* ¶ 27; ECF 1-1.

Petitioner argues that his immigration detention is unlawful. First, Petitioner contends that he is a member of the Bond Eligible Class created in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3289861 (C.D. Cal. Nov. 20, 2025). As a result, he argues that he is entitled to a bond determination under 8 U.S.C. § 1226(a). *Id.* ¶¶ 2-3, 5. Additionally, Petitioner contends that he is entitled to a bond release hearing pursuant to 8 U.S.C. § 1226(a) and that he should not be subject to the mandatory detention provision of 8 U.S.C. § 1225(b)(2).

After preliminary consideration of the Petition, this Court ORDERS as follows:

**Petitioner shall serve Respondents with his Petition, exhibits, and this Order to Show Cause by <u>February 20, 2026</u>**. Within 48 hours of serving Respondents, Petitioner shall file proof of service on the docket, and counsel for Respondents shall promptly enter notices of appearance.

On or before **February 27, 2026**, the Respondents shall show cause why the Petition [ECF 1] should not be granted. By the same deadline of **February 27, 2026**, the Parties shall complete and file the Magistrate Judge Consent Form [ECF 4].

On or before **March 6, 2026**, Petitioner may file a Reply in support of his Petition.

SO ORDERED.

DATED at Denver, Colorado, this 19th day of February, 2026.

BY THE COURT:

Timothy P. O'Hara
United States Magistrate Judge