IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-00608-TPO

EDWIN HERNANDEZ-MUNOZ,

     Petitioner,

v.

GEORGE VALDEZ, Acting Director,
Denver Field Office,
U.S. Immigration and Customs Enforcement,

KRISTI NOEM, Secretary,
U.S. Department of Homeland Security,

PAMELA BONDI, U.S. Attorney General, and

JUAN BALTASAR, Warden,
Denver Contract Facility;

in their official capacities,

     Respondents.

---

## ORDER

**Timothy P. O'Hara, United States Magistrate Judge.**

This matter comes before this Court upon the Petition for Writ of Habeas Corpus [ECF 1] filed by Petitioner. The Parties consented to this Court's jurisdiction [ECF 8], and District Judge Philip A. Brimmer referred the matter to this Court "for all purposes pursuant to 28 U.S.C. §636(c)." *See* ECF 10. This Court issued an Order to Show Cause [ECF 5] to which Respondents filed a Response [ECF 9]. With the filing of Petitioner's Reply [ECF 11] and Respondents' Sur-Reply [ECF 14], the Petition is fully briefed. Because the Court determines that the Petitioner's challenge is fundamentally legal in nature, the Court declines to hold a hearing. *See* 28 U.S.C. §

2243. Having reviewed the Petition, its briefing, and the relevant case law, the Court **grants** the Petition.

### FACTUAL BACKGROUND

Petitioner is a native and citizen of Mexico. ECF 1 ¶ 27. He entered the United States without inspection or apprehension "over 22 years ago."[1] ECF 1 ¶ 5. Respondents concede that Petitioner is a non-citizen who is present in the United States without having been admitted. ECF 9 at 8. Petitioner asserts that he is married to a U.S. citizen and has a U.S. citizen child, [ECF 11 at 5-6]. Petitioner has no prior criminal history. ECF 11-2 at 3.

On January 13, 2026, immigration authorities issued a warrant, ECF 14-2, and took Petitioner into immigration custody, ECF 1 ¶ 6. On February 10, 2026, an Immigration Judge denied Petitioner's request for bond. ECF 1-1. Although Immigration Judge Melanie Corrin agreed that Petitioner had established that he is a member of the Bond Eligible Class created in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3289861 (C.D. Cal. Nov. 20, 2025), ECF 1-1, she found that Petitioner was not subject to detention under 8 U.S.C. § 1226(c) and that the court lacked jurisdiction or authority to hear Petitioner's bond request. ECF 1-1 at 1 (citing *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025) and 8 U.S.C. § 1225(b)(2)(A)). On February 16, 2026, Petitioner filed the instant Petition seeking habeas corpus relief. ECF 1. On February 18, 2026, the Immigration Judge dismissed the removal proceeding without prejudice due to an invalid Notice to Appear.[2] ECF 11-1 at 1. On February 20, 2026, DHS issued a new

---

[1] The Notice to Appear, issued by DHS on February 20, 2026, suggests that Petitioner entered the United States on or about February 18, 2003. ECF 14-1 at 1.

[2] The deportation officer, rather than Petitioner, had signed the originally issued Notice to Appear. ECF 11-1 at 1.

Notice to Appear, again charging Petitioner with being an alien present in the United States who was not admitted or paroled after inspection. ECF 14-1 at 1.

Petitioner argues that his ongoing immigration detention is unlawful. ECF 1 ¶ 1. He contends that he is a member of the Bond Eligible Class created in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3289861 (C.D. Cal. Nov. 20, 2025)*, id.* ¶ 5, and as a result, he is entitled to a bond determination under 8 U.S.C. § 1226(a). ECF 1 ¶¶ 35. By subjecting him to mandatory detention under 8 U.S.C. § 1225(b)(2) and denying him a 8 U.S.C. § 1226(a) bond hearing, Respondents violate both the *Maldonado Bautista* decision as well as Petitioner's statutory rights under the INA. ECF 1 ¶ 39.

## JURISDICTION AND LEGAL STANDARD

This Court has jurisdiction under the federal habeas corpus statute, 28 U.S.C. § 2241, to hear this case relating to the immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001); *Martinez Escobar v. Baltazar*, No. 26-cv-00296-NYW, 2026 WL 503313, at *2 (D. Colo. Feb. 24, 2026). Courts are authorized to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). It is undisputed that Petitioner has remained in immigration custody at the Denver Contract Detention Facility since January 13, 2026, and remains so to-date. ECF 1 ¶ 20; ECF 9 at 2. "The individual in custody bears the burden of proving that their detention is unlawful." *Batz Barreno v. Baltasar*, No. 25-cv-03017-GPG-TPO, 2026 WL 120253, at *2 (D. Colo. Jan. 15, 2026) (citing *Walker v. Johnston*, 312 U.S. 275, 286 (1941)).

3

## ANALYSIS

### I.    Whether 8 U.S.C. § 1225 or 8 U.S.C. § 1226 Governs Petitioner's Detention

Petitioner first seeks release claiming a violation of the INA. ECF 1 ¶¶ 34-39. He alleges that Respondents are unlawfully subjecting him to the mandatory detention provision of 8 U.S.C. § 1225(b) when he is actually subject to detention under 8 U.S.C. § 1226(a) and thus entitled to a bond hearing. *Id.* ¶ 35. This Court agrees.

As acknowledged by the government, ECF 9 at 8, this Court has already addressed this issue in a case with similar facts. *See Colindres Carmona v. Ceja*, No. 25-cv-04061-TPO, ECF No. 22. There, this Court held that the petitioner was detained under 8 U.S.C. § 1226(a) and not under 8 U.S.C. § 1225(b)(2)(A), entitling him to a bond determination hearing. *Id.* at 9. The government still disagrees with that ruling, but rather than rehashing its argument as part of this case, it submits an "abbreviated response" and reserves its right to appeal this Court's decision. ECF 9 at 8. The government concedes that based on this Court's prior ruling in *Colindres Carmona*, it "may lead the Court to reach the same result here, as the facts of the case are not materially distinguishable from that case . . ." *Id.* at 9. The government is correct, and this Court finds, as it did in *Colindres Carmona* and now multiple other cases, that Petitioner is being detained subject to 8 U.S.C. § 1226(a) and is entitled to a bond determination hearing.

The detention of noncitizens prior to a final order of removal is governed by two sections of the INA: 8 U.S.C. §§ 1225 and 1226. *Loa Caballero v. Baltazar*, No. 25-cv-03120-NYW, 2025 WL 2977650, at *4 (D. Colo. Oct. 22, 2025) (citing *Jennings v. Rogriguez*, 583 U.S. 281, 287 (2018)). "Section 1225 mandates detention pending removal proceedings, providing that, 'if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien *shall* be detained.'" *Portillo Martinez v. Baltazar*,

4

No. 26-cv-00106-PAB, 2026 WL 194163, at *2 (D. Colo. Jan. 26, 2026) (quoting 8 U.S.C. § 1225(b)(2)(A)). If none of the statutory exceptions apply, § 1225 "mandates detention without the opportunity for a bond hearing." *Id.* (citing *Hernandez v. Baltazar*, No. 25-cv-03094-CNS, 2025 WL 2996643, at *3 (D. Colo. Oct. 24, 2025)).

By contrast, § 1226(a) does not mandate detention. It states that a noncitizen, "[o]n a warrant issued by the Attorney General," may be arrested pending a decision on whether to remove the individual, and once arrested, the Attorney General may continue to detain or release the individual. *Id.* (citing 8 U.S.C. § 1226(a)). Section 1226 "sets forth 'the default rule' for detaining noncitizens 'already present in the United States.'" *Quispe-Ardiles v. Noem*, No. 1:25-cv-01382-MSN-WEF, 2025 WL 2783800, at *3 (E.D. Va. Sept. 30, 2025) (quoting *Jennings*, 583 U.S. at 303). "Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings*, 583 U.S. at 306.

The crux of the issue is under which section Petitioner's detention should be considered. This Court finds U.S. District Judge Nina Y. Wang's statutory analysis in *Loa Caballero* to be persuasive. 2025 WL 2977650, at *5-7. The plain language of the applicable statutes would suggest that the phrase "'seeking admission' requires that the applicant must be presently and actively seeking lawful entry into the United States." *Id.* at *6. Noncitizens who have been living in the country for years are not "'seeking admission' under § 1225(b)(2)(A)." *Id.* (citing *Lopez-Campos*, 2025 WL 2496379, at *6). This is Petitioner's situation. He has demonstrated an established presence in the United States by living in this country for 22 years.

The principal thread of Respondents' argument is that all noncitizens that entered the country without permission should be deemed "applicants for admission," regardless of how long these noncitizens have been present in the country. ECF 15 at 2. Respondents claim that *Jennings*

5

supports their conclusion. *Id.* (citing *Jennings*, 583 U.S. at 287). This Court disagrees with the Respondents' interpretation of *Jennings*. After all, the *Jennings* Court distinguished the two statutes and noted "[i]n sum, U.S. immigration law authorizes the Government to detain certain aliens *seeking admission* into the country under §§ 1225(b)(1) and (b)(2)" and that "[i]t also authorizes the Government to detain certain aliens *already in the country pending the outcome of removal proceedings* under [] § 1226(a)." *Portillo Martinez v. Baltazar*, No. 26-cv-00106-PAB, 2026 WL 194163, at *3 (D. Colo. Jan. 26, 2026) (quoting *Jennings*, 583 U.S. at 289) (emphasis in *Portillo Martinez* not in *Jennings*).

Numerous courts have disagreed with Respondents' position, finding, like in *Loa Caballero*, that "[n]oncitizens who are just 'present' in the country . . ., who have been here for years upon years and never proceeded to obtain any form of citizenship[,] . . . are not 'seeking' admission under § 1225(b)(2)(A)." *Hernandez*, 2025 WL 2996643, at *5 (quoting *Lopez-Campos v. Raycraft*, No. 2:25-CV-12486, 2025 WL 2496379, at *6 (E.D. Mich, Aug. 29, 2025)). Even the title of § 1225, "Inspection by immigration officers; expedited removal of inadmissible arriving aliens; referral for hearing," suggests a different application of § 1225, one not applicable to an individual living in the United States for as long as Petitioner. In fact, "federal district courts have overwhelmingly rejected Respondents' 'broad interpretation of section 1225(b)(2).'" *Loa Caballero*, 2025 WL 2977650, at *5 (collecting cases).

Respondents point out that a limited number of courts have supported Respondents' position. *See* ECF 9 at 9 (citing *Buenrostro-Mendez v. Bondi*, 2026 WL 323330 (5th Cir. Feb. 6, 2026); *Montoya v. Holt*, No. 25-cv-01231-JD, 2025 WL 3733302 (W.D. Okla. Dec. 26, 2025)). However, as U.S. District Judge Charlotte N. Sweeney explains in *Singh v. Baltazar*, No. 26-cv-00336-CNS, at 7-13 (D. Colo. Feb. 9, 2026), *Buenrostro-Mendez* is neither controlling nor

persuasive. Because neither the Supreme Court nor the Tenth Circuit have yet weighed in on this issue, this Court finds more persuasive the great weight of authority in this Circuit and throughout the country that have interpreted §§ 1225(b) and 1226(a) and have concluded that they do not support the mandatory detention of noncitizens in Petitioner's circumstances.

As a result, this Court orders that Petitioner receive a bond hearing consistent with 8 U.S.C. § 1226(a). Respondents concede this as the appropriate remedy based on this Court's determination. ECF 9 at 10.

## II.   Petitioner's Remaining Claim for Relief

Because the Court has considered Petitioner's challenge under the INA and has afforded the requested relief, the Court declines to consider whether *Maldonado Bautista* can provide an additional ground for relief. *See Lopez v. Noem*, No. 25-cv-04089-NYW, 2026 WL 206220, at \*5 (D. Colo. Jan. 27, 2026) (declining to consider *Maldonado Bautista*-related claim); *Hernandez-Redondo v. Bondi*, No. 25-cv-03993-PAB, 2026 WL 290989, at \*4 n.2 (D. Colo. Feb. 4, 2026) (same)).

### CONCLUSION

This Court agrees with Petitioner that § 1226(a) governs his detention. Petitioner therefore is entitled to a release determination/bond hearing consistent with § 1226(a)(2).

The Respondents shall conduct the appropriate bond hearing within five days of the date of this Order. *Martinez Escobar*, 2026 WL 503313 at \*4. The Court declines to order Petitioner's release at this time because release under 8 U.S.C. § 1226(a) is discretionary and because the immigration judge is in a better position to decide between detention or release in the immigration context. *Id*. (finding that an immigration judge is better suited to determine the issue of detention).

The government will bear the burden of justifying Petitioner's continued detention by clear and convincing evidence of dangerousness or flight risk. *Id.*

For the above reasons, it is therefore **ORDERED** that:

1) Petitioner's Petition for Writ of Habeas Corpus [ECF 1] is **GRANTED**;

2) Respondents shall conduct the appropriate release determination/bond hearing under 8 U.S.C. § 1226(a) within five days of this Court's order, *i.e.*, **by March 23, 2026**; and

3) On or before **March 26, 2026**, the Parties shall file a Joint Status Report informing the Court of whether the bond hearing was held and whether bond was granted or denied.

SO ORDERED.

DATED at Denver, Colorado, this 17th day of March, 2026.

BY THE COURT:

_____
Timothy P. O'Hara
United States Magistrate Judge